Green, J.,
delivered the opinion of the court.
Levi Parker died seized of a tract of land in Cannon county, of about 150 acres. Parker’s estate was indebted, and the personal assets having been exhausted, the administrators applied to the Court, and obtained an order for the sale of the land, exclusive of the widow’s dower.
On the day of sale, and before the land was sold, the defendant Bragg, had a conversation with the widow of said Parker, (who was sister to the defendant,) in which he stated to her, that if he bought the land, he would let her have it at the same price at which he might purchase; or so much of the land as she might be able to pay for.
The land was put up to sale- — -the defendant, and one Smith being bidders. While the sale was in progress some person enquired whether it was going for the widow ; to which Do *213 zier Bragg, (the father of the defendant, and of the widow Parker,) replied, “ yes, for the widow.” After this, some one asked the defendant if he was buying for the widow? to which he replied, “ every man for himself.” Edward Bragg, the defendant, became the purchaser of the hundred acres sold, for the sum of $186 00 : the land at that time being worth double that sum.
Mrs. Parker has since died, and the complainant, and a portion of the defendants, are the children, and heirs of Levi Parker and his said widow.
This bill is brought with a double aspect. First, insisting that the defendant Bragg purchased upon the procurement of the widow, and for her benefit, and that he holds the land in trust for her heirs : and, second, that his purchase, at a reduced price, was effected, by holding out to the bidders that he was buying for the widow, thereby deterring others from bidding against him : and that he thus committed a fraud upon the complainant, and the other heirs of Levi Parker.
1st. Upon the first point, the case of Haywood vs. Ensley, (8. Hum. Rep. 460,) is relied on. That case differs widely from the one now before us. In that case, Ensley, at the request of Haywood, agreed to purchase the land belonging to Haywood, (and which was about to be sold for debt,) and to hold it, as a security for the money he might advance. In the case before us, the widow Parker had no interest, whatever, in the land which was about to be sold. This is the naked case, of a verbal agreement to permit Mrs. Parker to purchase such part of the land from the defendant as she might be able to pay for. There was no previous ownership of the land, or interest in it, no agency on the part of Bragg, nor any money placed in his hands. There is nothing, therefore, upon which, according to established principles, a trust can be raised.
2nd. But it is said, that this purchase was in fraud of the heirs of Levi Parker.
*214 There is no proof that the defendant made any representation that he was buying for the widow. On the contrary, when enquired of as to that matter, he replied, “ every man for himself.” Several witnesses prove this reply to have been made by him, and it contradicts the idea that he professed to be making the purchase for the widow.
Doubtless the idea did exist among the crowd at the sale, to some extent, that the widow was to be benefitted by the purchase; and this opinion may, to some extent, have diminished the competition for the land; but as the defendant had no agency in creating such impression, except as it may have arisen from his verbal agreement to sell her such part of the land as she might be able to pay for, we do not think he is chargeable with fraud in the purchase.
We think, therefore, that there is no trust raised in favor of the complainant by reason of the verbal promise to Mrs. Parker, and that the agreement is plainly within the statute of frauds.
We think also, that the proof does not establish the charge of fraud; and therefore, the decree must be reversed, and the bill dismissed.